Frank R. Alley, III, Judge
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

October 22, 2009

Mr. Gary U. Scharff
621 SW Morrison St., #1300
Portland, OR  97205

Mr. Ronald Becker
Office of the U.S. Trustee
405 East 8th Avenue, Suite 1100
Eugene, OR  97401
RE:     Case No. 09-63863-fra11      JEFFREY & KIMBERLY FISCUS

Dear Counsel:

I have reviewed Mr. Scharff's application seeking security for his fees as counsel for the debtors-in-possession.  Mr. Scharff's employment has previously been approved:  the remaining question is security of his fees.  He requests that he be permitted to accept what amounts to a guaranty from 4 LC, LLC, a limited liability corporation wholly owned by the debtors-in-possession.  The LLC would pledge a third security position in real property of which it is the sole owner.

I do not believe that allowing this arrangement violates any principles of the Bankruptcy Code, including the requirement that the debtor-in-possessions' professionals be disinterested.  Nor do I believe there is any material distinction between securing payment of fees by retainer or guaranty prior to the petition, and securing it post-petition from a third party.

The proposal is that the fees be secured up to $50,000 by way of a promissory note and third trust deed in the subject property.  The proposal is approved, on the following conditions:

1.  The promissory note is to be replaced by an appropriate form of guaranty, noting that the guaranty by the LLC extends to $50,000 in total attorney's fees.  It may be secured by the real property identified by the LLC.

2.  The LLC shall file with the Court, with a copy to the U.S. Trustee, a recent appraisal of the subject property, and a recent balance sheet.  The Court's approval of the security arrangement is expressly conditioned on the representation made to the Court that there is

sufficient equity in the subject property to cover the guaranty, and that the potential debt will not render the LLC insolvent.

     3.  As always, the fees of the debtor-in-possessions' attorney is subject to Court review in all respects.

                          Very truly yours,

                          FRANK R. ALLEY
                          Bankruptcy Judge

FRA:bdi

cc:  A.L. & Marilyn Bruner, 607 Avenue DeTeresa, Grants Pass, OR  97526